1                                                                              **O**

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10

11    KAREN COATS,                          )      CASE NO. SA CV 08-00276 (RZ)
                                            )
12                   Plaintiff,             )
                                            )      MEMORANDUM OPINION
13            vs.                           )      AND ORDER
                                            )
14    MICHAEL J. ASTRUE, Commissioner       )
      of Social Security,                   )
15                                          )
                     Defendant.             )
16    _____       )

17            The Administrative Law Judge found that, although Plaintiff had a learning

18    disability, Plaintiff did not suffer a severe mental impairment, but she did have knee and

19    back discomfort.  [AR 14]  Finding, however, that Plaintiff nevertheless retained the

20    residual capacity to work, the Administrative Law Judge determined that she was not

21    disabled.  In this Court, Plaintiff challenges the decision on four grounds.

22            Plaintiff first argues that the Administrative Law Judge did not identify

23    particular statements that he found questionable, and thus that his finding that Plaintiff was

24    not credible does not comport with cases requiring him to give specific and cogent reasons

25    for disbelieving Plaintiff.  The Court disagrees.  An administrative law judge may use

26    ordinary techniques for evaluating a witness' credibility, *Fair v. Bowen*, 885 F.2d 597, 604

27    n.5 (1989), and the specific finding that Plaintiff was a malingerer [AR 17] is sufficient

28    reason to doubt Plaintiff's version of the facts.  As Social Security cases indicate, a fact-

1  finder can disbelieve a witness based on the witness' previous falsehoods.  *Fair, supra*

2  ("For example, if a claimant has a reputation as a liar, or has made prior statements

3  inconsistent with his claim of pain, or is found to have been less than candid in other

4  aspects of his testimony, that may be properly taken into account in determining whether

5  or not his claim of disabling pain should be believed.").  Furthermore, the obligation under

6  Social Security cases to provide specific, clear and convincing reasons for rejecting a

7  claimant's testimony arises only if there has been no malingering, *Vasquez v. Astrue*, ___

8  F.3d ___, 2008 WL 4791860, slip opinion, No. 06-16817 (9th Cir. November 5, 2008)

9  (*citing Lingengelter v. Astrue*, 508 F.3d 1028, 1035-36 (9th Cir. 2007)), and here the

10  Administrative Law Judge specifically found that Plaintiff had been malingering. [AR 17]

11  Plaintiff next argues that the Administrative Law Judge should have addressed

12  the comments of Plaintiff's mother.  Plaintiff's mother testified that Plaintiff could not hold

13  a job because she could not fill out applications and would get frustrated, and could not

14  handle her own money.  An administrative law judge, however, is not required to address

15  each piece of evidence.  *Howard ex rel. Wolff v. Barnhart*, 343 F.3d 1006, 1012 (9th Cir.

16  2003).  Even under the most stringent reading of the lay witness testimony cases, the failure

17  to discuss the testimony here was harmless error, because it could not have affected the

18  finding as to disability.  *See Stout v. Commissioner,* 454 F.3d 1050, 1056 (9th Cir. 2006).

19  Plaintiff previously had performed housekeeping work, and the contention that she would

20  have gotten frustrated, particularly at filling out an application, could not gainsay that fact.

21  Moreover, Plaintiff's mother testified that she herself had helped Plaintiff fill out the

22  applications [AR 340], so the applications could have been prepared.  This testimony

23  simply does not belie the Administrative Law Judge's non-disability finding.

24  Plaintiff's third argument is that the Administrative Law Judge should have

25  developed the record, and determined why Plaintiff had received Social Security benefits

26  in the past.  Plaintiff evidently received Social Security benefits, and then lost them when

27  she went to prison. The obligation to develop the record further, however, only arises if

28  there is some ambiguity which makes further development appropriate.  *Tonapetyan v.*

1  *Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).  Plaintiff identifies no ambiguity in the record

2  as presented, and makes no legal argument that the receipt of benefits in the past somehow

3  entitled her to receive benefits currently.

4           Plaintiff's last argument is that the Administrative Law Judge erred in finding

5  Plaintiff capable of performing her past relevant work as a housekeeper.   The

6  Administrative Law Judge's finding was quite sketchy, a mere three sentences. [AR 17-18]

7  However, the Administrative Law Judge *did* find that Plaintiff was capable of most light

8  work [AR 15] and the testimony of the vocational expert established that such work is light

9  and unskilled, and the vocational expert opined that a person with Plaintiff's profile could

10 perform such work.  The Administrative Law Judge would have done better to elucidate

11 the specific duties involved, but his finding was that Plaintiff could perform the duties of

12 the position as it is generally performed, and Plaintiff gives no indication as to how that is

13 erroneous.   Although the question on this point is close, the Court cannot find error

14 justifying a remand.

15           In accordance with the foregoing, the Commissioner's decision is affirmed.

16

17           DATED:   November 13, 2008

18

19           _____

20                     RALPH ZAREFSKY
                  UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28